1        IN THE UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF MASSACHUSETTS
2

3    UNITED STATES OF AMERICA,              )
                                            )
4              Plaintiff                    )
                                            )
5              -VS-                         )  Case No. 13-MJ-2162
                                            )  Pages 1 - 12
6    ROBEL PHILLIPOS,                       )
                                            )
7              Defendant                    )

8
              **DETENTION HEARING/PRELIMINARY EXAMINATION**
9

10        BEFORE THE HONORABLE MARIANNE B. BOWLER
              UNITED STATES MAGISTRATE JUDGE
11

12

A P P E A R A N C E S:
13

        B. STEPHANIE SIEGMANN, ESQ. and JOHN A. CAPIN, ESQ.,
14   Assistant United States Attorneys, Office of the United States
     Attorney, 1 Courthouse Way, Suite 9200, Boston, Massachusetts,
15   for the United States of America.

16        DEREGE B. DEMISSIE, ESQ. and SUSAN B. CHURCH, ESQ.,
     Demissie & Church, 929 Massachusetts Avenue, Suite 01,
17   Cambridge, Massachusetts, 02139, for Robel Phillipos.

18                                 United States District Court
                                   1 Courthouse Way, Courtroom 19
19                                 Boston, Massachusetts  02210
                                   May 6, 2013, 2:05 p.m.
20

21

22

23                 LEE A. MARZILLI
                OFFICIAL COURT REPORTER
24            United States District Court
              1 Courthouse Way, Room 7200
25                Boston, MA  02210
                   (617)345-6787

1                        P R O C E E D I N G S

2              THE CLERK:  All rise.

3              THE COURT:  Please be seated.

4              THE CLERK:  United States District Court for the

5    District of Massachusetts is now in session, the Honorable

6    Marianne Bowler presiding.  Today is Monday, May 6, 2013.  The

7    case of U.S. v. Phillipos, Magistrate Judge No. 13-2162, will

8    now be heard.  Will counsel please identify themselves for the

9    record.

10             MS. SEIGMANN:  Good afternoon, your Honor.  Stephanie

11   Siegmann for the United States.

12             MR. CAPIN:  Your Honor, good afternoon, and John Capin

13   as well on behalf of the United States.

14             THE COURT:  Thank you very much.

15             MR. DEMISSIE:  Good afternoon, your Honor.  Derege

16   Demissie for Robel Phillipos.  With me, your Honor, is my law

17   partner, Attorney Susan Church.

18             MS. CHURCH:  Good afternoon, your Honor.  Susan Church

19   representing Robel Phillipos.

20             THE COURT:  Thank you very much.  We were here

21   originally for the purposes of detention and probable cause,

22   and based on the filings, it's my understanding there is a

23   stipulation to probable cause.  Is that correct?

24             MR. DEMISSIE:  A stipulation as to the issue of

25   detention, a stipulation as to the continuance of the probable

1  cause hearing.

2       THE COURT:  And just continuing the probable cause.

3  All right, does the government want to be heard?

4       MR. CAPIN:  Yes, your Honor.  Thank you very much.

5  Your Honor, as we stated in our papers, upon conferring with

6  the defense, the government is now confident that there are

7  conditions that will reasonably assure the defendant's

8  appearance at future proceedings.  We are therefore pleased to

9  report that we've agreed to proposed conditions which are set

10 forth in our papers.  I would suggest that in addition to the

11 conditions, the standard conditions set forth in the Pretrial

12 Services report, the Court order that the defendant be released

13 and ordered to be confined to his residence in the custody of a

14 third-party custodian identified in the papers, that he be

15 monitored 24 hours a day by an electronic bracelet, and that

16 his release be secured by a $100,000 bond.

17      THE COURT:  And the third-party custodian is to be his

18 mother, am I not correct?

19      MR. CAPIN:  That's correct, your Honor.

20      MR. DEMISSIE:  That's correct, Judge.

21      MR. CAPIN:  And I am told she is present in the

22 courtroom and prepared to be heard on the issue of

23 custodianship.

24      MR. DEMISSIE:  She is present, your Honor, if you

25 would like to --

1    THE COURT:  Yes.  Would you please stand.  Do you

2 understand that by accepting the responsibility of serving as a

3 third-party custodian, you have a duty to report to the Court

4 in the event that the defendant breaks any of the conditions of

5 release?

6    FROM THE FLOOR:  Yes, your Honor.

7    THE COURT:  And do you do this freely, willingly, and

8 voluntarily?

9    FROM THE FLOOR:  Yes.

10    THE COURT:  All right, you may be seated.

11    MR. DEMISSIE:  Thank you, your Honor.

12    THE COURT:  All right, anything else, Mr. Capin?

13    MR. CAPIN:  Simply to point out, your Honor, that the

14 Clerk has given us a new date for a probable cause hearing,

15 which by joint motion had to be continued.  I would point out

16 that over the weekend the defendant filed a number of papers

17 which may be indirectly understood as questioning the merits of

18 the government's case.  I don't think that was the intention of

19 the papers.  I think they were intended to show that conditions

20 of release could be arrived at by the Court.  I simply would

21 like to say for the record that the government stands by its

22 allegations, is confident that it can prove beyond a reasonable

23 doubt the allegations set forth in the complaint, and that in

24 the event we go forward as scheduled with the new preliminary

25 hearing, we will establish probable cause on the record before

1  this Court.

2        THE COURT:  I reviewed all of the affidavits that were

3  filed, first, earlier on the weekend and then later yesterday,

4  and it seemed to me really that the gist of them went to the

5  issue of detention.

6        MR. CAPIN:  I think that's correct.

7        THE COURT:  And I did note that obviously the mother

8  has many friends and is well respected in the community, but I

9  noted that in many of the affidavits, the individuals did not

10  have very much involvement with the defendant himself, some of

11  them not familiar with him of late at all, so --

12        MR. CAPIN:  Thank you, your Honor.

13        THE COURT:  All right, do you want to be heard?

14        MR. DEMISSIE:  Your Honor, I would just say that we

15  are in agreement with the proposed terms and conditions of

16  release, and I would rest on my submission as to the reasons

17  behind that.  And I thank the government for working over the

18  weekend to craft these conditions and arriving at the

19  conclusion that they did, and I would ask the Court to adopt

20  those recommendations.

21        THE COURT:  Now, what about the real estate that's

22  going to be used to secure the bond?

23        MR. DEMISSIE:  I have produced documents, and I

24  believe the government is satisfied that the individual

25  proposing to be the person who signs the bond is in a position

to sign a secured bond in the amount of $100,000.  That

individual is present, and the documents are ready to be --

        THE COURT:  And is that individual present in the

courtroom?

        MR. DEMISSIE:  That's correct, your Honor.

        THE COURT:  And would you please have that person

identify himself or herself.

        MR. DEMISSIE:  Yes, your Honor.  I would just say

that, your Honor, there is an agreement by the parties that the

address of that individual be impounded and sealed.

        THE COURT:  Well, I'm not asking to reveal that, but

I'm asking to inquire of that person.

        MR. DEMISSIE:  Yes.

        THE COURT:  Whether or not that person realizes the

responsibility.

        MR. DEMISSIE:  Absolutely.  His name is (Redacted),

and he's standing with his wife at this point.

        THE COURT:  All right.  And do you own this property

jointly?

        FROM THE FLOOR:  Yes.

        THE COURT:  And do you understand that if the

defendant should fail to appear for any court appearance that

he's required to attend or violate any of the conditions of

release, you could forfeit your interest in this property to

the extent of $100,000?

1    FROM THE FLOOR:  Yes.

2    THE COURT:  And do you do this willingly, freely, and

3 voluntarily?

4    FROM THE FLOOR:  Yes.

5    THE COURT:  All right, thank you.

6    MR. DEMISSIE:  Thank you, your Honor.

7    THE COURT:  All right, anything else you want to bring

8 to my attention?

9    MR. DEMISSIE:  I would ask that the defendant's

10 proposed residence be sealed, and that's by agreement of the

11 parties.

12    THE COURT:  Yes, that is by agreement.

13    MR. DEMISSIE:  Thank you.

14    MR. CAPIN:  No objection, your Honor.

15    THE COURT:  All right.

16    All right, I'll ask the defendant to stand at this

17 time.  I'm going to set bail in the amount of a $100,000 bond.

18 The bond is going to be secured by property.  The government

19 and defense counsel have agreed and identified this property.

20 And when will the paperwork be filed?

21    MR. DEMISSIE:  I have the paperwork ready, your Honor.

22 It would be executed and I'll notarize it right after this

23 hearing and will be filing it thereafter.

24    THE COURT:  All right.

25    MR. CAPIN:  We have reviewed it, your Honor, and it

1  all appears to be in order.

2         THE COURT:  All right.  In the interim, when the

3  defendant is released, he will be released to an electronic

4  monitor.  This is strict electronic monitoring for house

5  arrest.  He will be unable to leave his home except for

6  appointments with counsel and for 911 medical emergencies.  At

7  this time it is strict house arrest.  Any approval should be

8  sought from Pretrial Services prior to meetings with counsel.

9  The residence where he will reside has been approved by the

10 Court and will appear on the bond, which will be impounded.

11        Needless to say, his travel is restricted to the

12 District of Massachusetts.  In addition, the defendant is to

13 refrain from the use of alcohol.  He is to refrain from the use

14 of any illegal drug or the possession of any narcotic drug,

15 unless prescribed by a physician.  I'm also ordering that the

16 defendant have a urine test for narcotics today before he is

17 released, and he will be subject to random drug testing by

18 Pretrial Services while he's on release.  He is to report to

19 Pretrial Services as directed.  He is to report any contact

20 with law enforcement personnel to Pretrial Services within

21 24 hours.

22        Now, I have seen one passport.  Is that the only

23 passport that the defendant has?

24        MR. DEMISSIE:  That is correct, your Honor.

25        THE COURT:  And does he claim any citizenship rights

1  in any other country?

2        MR. DEMISSIE:  No, he does not.

3        THE COURT:  All right, then he is instructed not to

4  apply for a new passport or for any other type of travel

5  document.  He is to remain within the third-party custody of

6  his mother, who has agreed to assume supervision of him and who

7  has a duty to report to the Court any violation of these

8  conditions.  In addition, he's not to possess any firearms,

9  ammunition, or other destructive devices.

10        I remind you that violation of any of the foregoing

11  conditions of release may result in the immediate issuance of a

12  warrant for your arrest, a revocation of release, and an order

13  of detention as provided for in 18 United States Code,

14  Section 3148, and a prosecution for contempt as provided for in

15  18 United States Code, Section 401.  This could result in a

16  possible term of imprisonment and/or a fine.  If you are

17  arrested while you are on release, you must notify Pretrial

18  Services within 24 hours.

19        I'm now going to tell you about the statutory

20  conditions about bail.  I ask you to listen carefully and to

21  review these conditions with your counsel at the end of these

22  proceedings.

23        While you are on release, you are prohibited from

24  committing a federal, state, or local crime.  If you fail to

25  appear before the Court as required by the conditions of

release -- in other words, if you're found guilty of bail

jumping -- you shall be subject to a fine of up to $250,000

and/or five years in jail. Any term of imprisonment for the

bail jumping would be a consecutive sentence to the sentence of

imprisonment for any other offense. In addition, a failure to

appear could result in a forfeiture of the bail posted. That's

the $100,000 bond that's secured by real estate.

And I remind you once again that if you violate any

condition of release that I have set today, I can immediately

issue a warrant for your arrest, and can under some

circumstances revoke your bail and detain you and commence a

prosecution for contempt, which could result in a possible term

of imprisonment and/or a fine.

If you are convicted of an offense while you are on

release, you may receive a term of imprisonment of not less

than two years and not more than ten years if it is a felony,

and a term of not less than 90 days and not more than one year

if it is a misdemeanor. This term of imprisonment shall be

consecutive and must be imposed in addition to the sentence

received for the offense itself.

Now, there are four other statutes that I'm going to

tell you about now. These involve obstruction of justice. I

ask you to listen very carefully. Under Section 1503, it is a

federal felony, punishable by up to five years in jail and a

$250,000 fine, to threaten or try to influence or intimidate

any juror, court officer, or witness, or to in any way impede
or obstruct the administration of justice.

Under Section 1510, it is a federal felony, punishable
by up to $250,000 in fines and five years in jail, to obstruct
criminal investigations by endeavoring by means of bribery to
obstruct, delay, or prevent the communication of information
relating to the violation of any federal criminal statute by
any person to a criminal investigator.

Under Section 1512, it is a federal felony, punishable
by up to ten years in jail and a $250,000 fine, to tamper with
a witness, a victim, or an informant.

And, finally, under Section 1513, it is a federal
felony, punishable by up to ten years in jail and a $250,000
fine, to retaliate against a victim, a witness, or an informant
by causing bodily injury or property damage, or even threatening
or attempting to do so.

If I find that there's probable cause to believe that
you have committed any one of these offenses, I could issue a
warrant, and, after a hearing, detain you.  Do you understand
everything that I've said here today?

THE DEFENDANT:  Yes.

THE COURT:  All right.  I'd like to have the bail
papers all signed before counsel are excused.

MR. DEMISSIE:  Yes, your Honor.

THE COURT:  Any other matters you wish to bring to my

1   attention at this time?

2           MR. CAPIN:  No, your Honor.  Thank you.

3           THE COURT:  All right.

4           MR. DEMISSIE:  Nothing from the defense, your Honor.

5           THE COURT:  Can we have a date for a probable cause

6   hearing that counsel can agree on.

7           MR. DEMISSIE:  We picked May 17, I believe.

8           MS. SEIGMANN:  At 2:00 p.m., I believe.

9           THE CLERK:  At 2:00?  Sure.

10          MR. CAPIN:  Thank you, your Honor.

11          THE COURT:  All right, nothing else?

12          MR. DEMISSIE:  Nothing from us.

13          THE COURT:  All right, just do the bail papers at this

14  time, and I want that urine sample before he's released.

15          MR. DEMISSIE:  Thank you, your Honor.

16          THE COURT:  We stand in recess.

17          (Adjourned, 2:18 p.m.)

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T E

2

3
    UNITED STATES DISTRICT COURT )
4   DISTRICT OF MASSACHUSETTS     ) ss.
    CITY OF BOSTON                )
5

6

7           I, Lee A. Marzilli, Official Federal Court Reporter,

8   do hereby certify that the foregoing transcript, Pages 1

9   through 12 inclusive, was recorded by me stenographically at

10  the time and place aforesaid in Magistrate No. 13-2162, United

11  States of America v. Robel Phillipos, and thereafter by me

12  reduced to typewriting and is a true and accurate record of the

13  proceedings.

14       Dated this 6th day of May, 2013.

15

16

17

18

19
                    /s/ Lee A. Marzilli
20           _____
                    LEE A. MARZILLI, CRR
21                  OFFICIAL COURT REPORTER

22

23

24

25